[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15007
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20303-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICK LENNARD BOYD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2019)

Before WILLIAM PRYOR, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Erick Boyd was sentenced to fourteen months' imprisonment for violating the terms of his supervised release. On appeal, he argues that this sentence is substantively unreasonable. We disagree.

I.

In 2016, Boyd pled guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to eighteen months' incarceration followed by three years of supervised release. He completed his term of imprisonment and began supervised release on December 26, 2017.

Approximately nine months later, on September 14, 2018, police responded to reports of an altercation between a male and a partially unclothed female. A responding officer found Boyd near the scene with injuries on his hands. During a pat-down, the officer discovered a baggie filled with a rocky substance in Boyd's pocket. A field test indicated that the substance was methamphetamine and Boyd was arrested and charged with its possession under Florida Statute 893.13(6)(a). A few days later, on September 17, 2018, Boyd was required to submit a urine specimen to the Probation Office. Although he submitted a diluted sample, it tested positive for the presence of cocaine.

The United States Probation Office filed a petition alleging that Boyd violated three separate terms of his release. Specifically, it alleged that he: (1) violated Florida law (by possessing methamphetamine); (2) possessed methamphetamine; and (3) possessed cocaine. At the supervised release hearing,

2

Boyd admitted to possessing cocaine and stipulated to the introduction of a police report to prove that he possessed methamphetamine and violated Florida law.

The district court held a revocation hearing on November 15, 2018 and found that Boyd committed the alleged violations. All parties agreed that the correct Guidelines range was twelve to eighteen months' imprisonment. The government requested a sentence of twelve months' imprisonment, while Boyd sought continued supervise release and enrollment in a drug treatment program.

Before imposing its sentence, the court inquired into Boyd's post-release employment, his living situation, and his drug addiction. It questioned the Probation Officer about Boyd's suitability to remain in the community and heard argument about his need to support his newborn child. The court also considered Boyd's extensive criminal history, noting that Boyd had "seen more State judges than I see when I go to a judicial conference" and that he had served six years in prison for "robbery and armed carjacking." The court also explained that it was bothered by a prior arrest for aggravated battery against a pregnant woman. The court ultimately sentenced Boyd to fourteen months in prison. Before concluding the hearing, the district court asked for "any objections to the findings of fact, conclusions of law, manner of imposition of sentence or reasonableness." Neither party objected. Boyd timely appealed, and now challenges the substantive reasonableness of his sentence.

## II.

A district court's revocation of supervised release is reviewed under an abuse-of-discretion standard. *United States v. Vandergrift*, 754 F.3d 1303, 1307

(11th Cir. 2014). This Court examines the substantive reasonableness of a sentence by considering the "totality of the circumstances" and whether the sentence achieves the purposes outlined in 18 U.S.C. § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (internal quotation marks and citation omitted). "In the face of this discretion, it is only the rare sentence that will be substantively unreasonable." *United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir. 2013). Furthermore, although we do not "automatically presume" that a within-Guidelines sentence is reasonable, we ordinarily expect it to be. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Boyd claims that his sentence is substantively unreasonable for three reasons. *First*, he argues that the district court placed undue emphasis on his criminal record. In his view, the specific crimes mentioned by the district court—robbery, armed carjacking, and aggravated battery—are unrelated to the present drug violations and were weighed too heavily against him. He cites *United States v. Williams* for the proposition that a "district court's unjustified reliance on a single § 3553(a) factor may be a symptom of an unreasonable sentence." 526 F.3d 1312, 1322 (11th Cir. 2008) (internal quotation marks and citation omitted). It is well established, however, that the "weight to be accorded any given § 3553(a)

4

factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

While the district court may have placed great weight on Boyd's criminal record in this case, Boyd has not shown that it was the only factor considered or that it rose to the level of an "unjustified reliance". *Williams*, 526 F.3d at 1322. The district court clearly, if indirectly, considered other § 3553(a) factors during the revocation hearing. For example, it considered the "history and characteristics of the defendant" under § 3553(a)(1) when it inquired into Boyd's employment, drug addiction, and living situation. It considered the need for the sentence to "afford adequate deterrence" under § 3553(a)(2)(B) when it considered the number of times Boyd had appeared before state judges and noted that he "had a chance already" with respect to supervised release. And by questioning the Probation Officer and concluding that continued release would just lead to "problems" in the future, the court clearly considered the need "to protect the public from further crimes of the defendant" under § 3553(a)(2)(C). In light of this reasoned consideration, it was not an abuse of discretion for the judge to heavily weight the fact that Boyd has an extensive and violent criminal record spanning nearly two decades.

*Second*, Boyd argues that the district court gave insufficient weight to other considerations such as the need to care for his newborn child and his drug addiction. This argument fails for the same reason as the first. The district court has broad discretion to weigh the various sentencing factors and to consider the totality of the circumstances. *Clay*, 483 F.3d at 743. We will not remand for

resentencing unless we "are left with the definite and firm conviction that the district court committed a clear error of judgment." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). Here, the district court heard argument concerning Boyd's newborn child and drug addiction and simply came to a different conclusion than Boyd would have liked. This does not constitute a "clear error in judgment." *Id.* Even if we agreed with Boyd, which we do not, the "fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

*Finally*, for the first time on appeal, Boyd argues that the district court improperly considered a previous aggravated battery arrest during sentencing. The arrest occurred in 2014 and, according to the arrest record, involved Boyd striking and dragging a woman who was seven-months-pregnant with his child. Since the charge was "no-actioned" following arrest, Boyd claims that it was a violation of his due process rights for the district court to have considered it. Normally, "we review *de novo*, as a question of law, whether a factor considered by the district court in sentencing a defendant is impermissible." *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). Here however, because Boyd did not object at the hearing and preserve this argument for appeal, we require him to demonstrate plain error to prevail. *See United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015). To show plain error, Boyd must demonstrate: (1) an error, (2) that is plain, (3) that affects his substantial rights, and (4) that seriously affects

6

the fairness, integrity, or public reputation of judicial proceedings. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).

Boyd cannot show error, much less a plain error, because his argument is inconsistent with our precedent. "Sentencing courts may consider both uncharged and acquitted conduct in determining the appropriate sentence." *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006) (internal quotation marks, citation, and alteration omitted). Moreover, Boyd has not argued that the consideration of this one arrest actually affected his sentence. The district court only referenced the aggravated battery at one point during the hearing. And this reference was in the context of an assessment that included Boyd's drug addiction, living situation, employment history, and extensive past criminal conduct. We doubt that this single arrest made any difference in Boyd's ultimate sentence because his significant criminal history was more than enough to justify a fourteen-month, within-Guidelines, sentence. But either way, if this Court must speculate about whether the sentence would have been different absent consideration of the battery arrest, Boyd has not met his burden in establishing plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005).

**AFFIRMED**